UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE FERNANDEZ,

                                      Petitioner,

              -v-

DALE ARTUS, Superintendent of
Clinton Correctional Facility,

                                      Respondent.

ORDER
07 CV 02531 (GBD)(KNF)

GEORGE B. DANIELS, District Judge:

      Pro se petitioner Jose Fernandez filed a writ of habeas corpus challenging his conviction for second-degree murder. Petitioner raises four grounds for relief: (1) insufficient evidence; (2) defective jury instruction; (3) ineffective assistance of counsel; and (4) violation of petitioner's rights against self-incrimination. The Court referred the matter to Magistrate Judge Kevin Nathaniel Fox for a Report and Recommendation. Magistrate Judge Fox issued a Report and Recommendation ("Report") recommending that the petition be dismissed. The Court adopts the Report's recommendation that petitioner's writ of habeas corpus be denied.

      The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; Rivera v. Barnhart, 423 F.Supp.2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See, Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618

F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if there is no clear error on the face of the record. Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Magistrate Judge Fox found that petitioner's defective jury instruction claim was untimely, since there was no objection made at trial. (Report at 13.) Moreover, the magistrate judge determined that petitioner's ineffective assistance of counsel claim "cannot constitute cause for [petitioner's] procedural default" on the defective jury instruction claim since petitioner "failed to show that some objective factor external to the defense impeded his counsel's efforts to comply with the state's procedural rule." (Report at 14.) Therefore, petitioner's defective jury instruction claim is barred from habeas corpus review. Petitioner's claims for insufficient evidence, violation of self-incrimination rights, and ineffective assistance of counsel were rejected on the merits in state court. (Report at 12.) In the present petition, petitioner reiterates arguments identical to those presented in state court, with some minor additions. (Report 14.) Magistrate Judge Fox properly concluded that petitioner "failed to show that the state court's decision on his claims is grounded on an unreasonable determination of the facts." (Report at 15.)

In his report, Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Neither party filed objections to the Report and the time to do so has expired. After carefully reviewing the Report, the Court finds that the report is not facially erroneous. Accordingly, the Court adopts the Report and for the reasons stated therein,

the writ is hereby denied and the petition dismissed.

Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-260 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

Dated: New York, New York
October 16, 2008

SO ORDERED:

George B. Daniels
GEORGE B. DANIELS
United States District Judge